■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JERRY ADAMO, Respondent.— Order, entered on March 4, 1965, dismissing indictment, unanimously reversed on the facts and the law and indictment reinstated. Defendant, having been indicted for assault, moved for inspection of the Grand Jury minutes and dismissal of the indictment. According to the testimony before the Grand Jury the complainant, a police lieutenant, was driving his automobile. He was off duty, in civilian clothes, and accompanied by his teenage daughters. The defendant's car cut him off, causing complainant to stop abruptly. Complainant followed defendant's car a short distance to the driveway of a house which later was found to be defendant's mother's house. Complainant got out of his car and called to defendant. He complained about the illegal turn and announced that he was a police officer. Defendant demanded identification. Complainant showed his badge and, when this was said to be insufficient, took out his wallet to get his identification card. While he was extracting the card, the defendant struck him forcibly in the nose with his fist. It is not clear whether this blow broke the complainant's nose or whether this was accomplished later. After this attack complainant took out his billy and struck defendant, who ran for the house calling loudly for his brother. Complainant replaced his billy in his pocket and followed defendant to his house. Defendant's brother came out and a general melee followed in which the brother held complainant and defendant struck him repeatedly. Complainant's

daughters ran to their father's assistance, and defendant's mother and sisters appeared. Complainant called for someone to notify the police and was told that this had been done. And in a way it had been. It appears that defendant's wife is the daughter of a police sergeant, and the sergeant's wife is the sister of a deputy police commissioner. These officers were called. This called for the intervention of quite an unusual array of police talent, consisting of an inspector and three captains who participated in the proceedings, which lasted from eight in the evening until three the following morning and resulted in complainant being successfully discouraged from making an arrest. Complainant instead sought the indictment from the Grand Jury. Meanwhile a summons was issued for the traffic violation. Defendant was tried and acquitted on that charge. Special Term, relying on *People* v. *Cherry* (307 N. Y. 308) concluded that, as it was established by defendant's acquittal of the traffic charge that his arrest was illegal, he had the right to use force to resist it. Hence, there was no assault. The reasoning overlooks the facts as they appear in the minutes. At the time of the assault there was no arrest made or threatened. Defendant did not know at the time whether any police action was going to be taken by complainant or, if it was, whether it was going to be more than the issuance of a summons. Under these circumstances defendant was not privileged to use force. Of course, these facts are not necessarily those which would be found after a trial. At this stage the court does not inquire as to what actually took place but only what the prosecution's evidence before the Grand Jury reveals. If that testimony would warrant conviction by a trial jury, the indictment must be upheld (Code Crim. Pro., § 251; *People* v. *Rabinowitz*, 277 App. Div. 793, aff'd. 301 N. Y. 763). Concur — Rabin, J. P., McNally, Stevens, Steuer and Witmer, JJ.